IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| REGINALD CHARLES HARVEY, Grantee, MICHAEL A. SMITH, Grantor(s), and ERIKA L. SMITH, Grantor,<br><br>Plaintiffs,<br><br>v.<br><br>M&T BANK, as registered agent, BANK OF AMERICA, MERS, LAKEVIEW LOAN SERVICING, LLC, MERS NOMINEE, RUBIN LUBLIN TN, PLLC, f/k/a COUNTRYWIDE HOME LOAN SERV, LP, COUNTRYWIDE HOME LOAN, INC, as successor in interest to Bank of America, et al.<br><br>Defendants. | Case No. 1:14-00181<br><br>Removed from the Hamilton County Circuit Court; Case No. 14C615 |

## M&T BANK AND LAKEVIEW LOAN SERVICING, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants M&T Bank and Lakeview Loan Servicing, LLC (collectively "Defendants"), by and through undersigned counsel, respectfully submit the following memorandum in support of their motion to dismiss the claims against them by Plaintiffs Reginald Charles Harvey, Michael A. Smith, and Erika L. Smith ("Plaintiffs") pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

### STATEMENT OF THE ALLEGED FACTS

This is a *pro se* action by Plaintiffs seeking to quiet title in real property located at 5504 Orlin Drive, Chattanooga, Tennessee (the "Property"). *See generally* Complaint. As best as can be determined, on July 13, 2007, Plaintiff Michael A. Smith executed a note payable to Countrywide Home Loans, Inc. ("Note") secured by a deed of trust on the Property ("DOT"). True and correct copies of this Note and DOT have been placed in the record by both Bank of

America and Rubin Lublin. (Doc. No. 5-1, 6-3.)[1] On April 9, 2010, Mr. Smith conveyed his interest in the Property to Erika L. Smith via quitclaim deed. (Doc. No. 5-2.)

On March 25, 2013, Rubin Lublin was appointed as Substitute Trustee pursuant to a recorded Appointment of Substitute Trustee. (Doc. No. 5-4.) On June 27, 2013, Rubin Lublin conducted the foreclosure sale and the Property sold to Bank of America as the highest bidder. Bank of America then assigned all of its right to the Secretary of the Department of Housing and Urban Development. (Doc. No. 5-5.)

Following the foreclosure sale, on February 10, 2014, Bank of America filed an unlawful detainer action in the General Sessions Court of Hamilton County, Tennessee. The General Sessions Court conducted a hearing and granted judgment in favor of Bank of America. (Doc. No. 5-6.) No appeal of the detainer action was taken.

On April 9, 2014, despite no longer holding title to the Property, Ms. Smith, executed a quitclaim deed ceding her interest in the Property to the The Orlin Revocable Trust. (Doc. No. 5-7.) On April 23, 2014, Reginald Charles Harvey filed a Certificate of Acknowledge and Acceptance in the Hamilton County Register's Office purporting to take title to the Property. (Doc. No. 5-8.)

On May 14, 2014, Plaintiffs collectively brought this action by filing a "Complaint to Quiet Title" ("Complaint"). On the same day, Plaintiff Harvey filed a Notice of Lis Pendens and Notice of Action Pending against each of the named Defendants. (Doc. No. 5-9.)

As discussed below, Plaintiffs' Complaint fails to state any claim upon which relief may be granted and thus should be dismissed with prejudice as a matter of law.

---

[1] The Court may consider the Note and Deed of Trust, as well as the other exhibits introduced by co-Defendants, because matters of public record may be reviewed without converting a motion to dismiss into a motion for summary judgment. *See Malin v. JPMorgan*, 2012 U.S. Dist. LEXIS 32583, *7-8 (E.D. Tenn. Mar. 12, 2012).

## ARGUMENT

**I. Reginald Harvey lacks the ability to file suit on behalf of the co-Plaintiffs, Michael Smith and Erika Smith.**

As an initial matter, Plaintiffs Michael Smith and Erika Smith should be dismissed from this suit entirely as they are not signatories on the Complaint and Plaintiff Harvey, who is *pro se*, cannot represent their interests on their behalf. Under 28 U.S.C. § 1654, a party "may plead and conduct their own cases personal or by counsel." *See also Smith v. Dukes*, 21 Fed. Appx. 344, 344-45 (6th Cir. 2001) (internal citations omitted). A non-licensed attorney cannot represent other litigants in an action. *Id*. at 345. Additionally, Rule 11 of the Federal Rules of Civil Procedure requires that each paper or pleading filed be signed by the party, if proceeding pro se, or their attorney of record. Fed. R. Civ. P. 11(a). According to the Rule, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id*.

Neither Michael Smith nor Erika Smith signed the Complaint in their individual capacity, nor has an attorney appeared in this case. Under the Federal Rules, the Complaint should be stricken for this reason, or at the least these parties dismissed from this case.[2]

**II. Plaintiffs are barred from collaterally attacking the final General Sessions judgment in this separate matter**.

Again, even before turning to the specific allegations of the Complaint, Plaintiffs are barred from collaterally attacking the final judgment in the General Sessions detainer action by the doctrine of res judicata. The Hamilton County General Sessions Court entered judgment establishing Bank of America to be entitled to possession of the property by virtue of its title acquired through the Substitute Trustee's Deed, and awarded possession of the property to Bank

---

[2] Rule 11(a) does allow a party to correct a deficiency in the signature on a pleading if done so "promptly" after being brought to a parties' attention. Here, Rubin Lublin pointed out the deficiency in its motion to dismiss filed June 20, 2014. (Doc. 4.) More than three weeks has passed since this filing, yet no correction has been offered.

3
Case 1:14-cv-00181-CLC-WBC   Document 16   Filed 07/16/14   Page 3 of 16   PageID #: 240

of America on March 10, 2014. (*See* Exhibit F to Defendant Rubin Lublin's Memorandum in Support of Motion to Dismiss, Doc. No. 5-6.) Plaintiffs did not appeal that judgment, nor did they file an appeal bond as required by Tenn. Code Ann. § 29-18-128, but instead apparently filed the present suit in an attempt to bar enforcement of the General Sessions judgment.[3]

Federal courts "must give the same preclusive effect, under the doctrines of res judicata and collateral estoppel, to state court judgments that those judgments would receive in courts of the rendering state." *Ingram v. City of Columbus,* 185 F.3d 579, 593 (6th Cir. 1999). "[I]f an individual is precluded from litigating a suit in a state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) (footnote omitted). Federal courts "look to the state's law to assess the preclusive effect it would attach to that judgment." *ABS Indus., Inc. v. Fifth Third Bank*, 333 Fed. Appx. 994, 998 (6th Cir. 2009) (copy attached).

Under Tennessee law, Plaintiffs' decision not to appeal the judgment in the detainer action is final, and is not subject to collateral attack in a separate proceeding. It is well-settled that "[a] judgment of a court of competent jurisdiction is binding and conclusive on the parties and their privies until vacated or reversed on a direct proceeding for review, and is not subject to collateral attack." *Carter v. Townsend*, 1991 Tenn. App. LEXIS 976, at *3 (Tenn. Ct. App. Dec. 18, 1991). The primary reason for precluding a collateral attack is the doctrine of res judicata, which bars a second suit between the same parties or their privies on the same cause of action in respect to all issues which were or could have been litigated in the former suit. *A. L. Kornman*

---

[3] Although Tennessee law provides that appeals from General Sessions courts shall not be dismissed for any informality whatsoever, *see* Tenn. Code Ann. § 16-15-729, posting a bond is a statutory requirement and a prerequisite to granting an appeal, Tenn. Code Ann. § 29-18-128; *see also Red Boiling Springs v. Whitley*, 777 S.W.2d 706 (Tenn. Ct. App. 1989) ("The requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality. The appeal is not perfected without it."). As evidenced by the General Sessions file, Plaintiff did not file any such bond. Thus, even if Plaintiff were to argue that the present action is effectively an appeal of the Detainer Action, such appeal was never perfected. *Red Boiling Springs,* 777 S.W.2d 706.

*Co. v. Metro. Gov't of Nashville & Davidson County,* 391 S.W.2d 633 (Tenn. 1965); *New York Life Ins. Co. v. Nashville Trust Co.,* 292 S.W.2d 749 (Tenn. 1956); *Scales v. Scales*, 564 S.W.2d 667 (Tenn. Ct. App. 1977); *Towe v. Brock*, 1996 Tenn. App. LEXIS 431, at *8 (Tenn. Ct. App. July 26, 1996). Res judicata applies to judgments of the general sessions court. *Clay v. Barrington Motor Sales, Inc.,* 832 S.W. 2d 33 (Tenn. Ct. App. 1992); *Towe*, 1996 Tenn. App. LEXIS 431, at * 8.

In short, Plaintiffs appear to be attempting to advance several arguments in an effort to invalidate the foreclosure, each of which is without merit. Because all of Plaintiffs' allegations relate to Defendant Bank of America's right to foreclose or title to the Property, each is considered the same "cause of action" for the purposes of res judicata. *See Creech v. Addington*, 281 S.W.3d 363, 381 (Tenn. 2009) (where the Tennessee Supreme Court held that "[t]wo suits . . . shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions."). Wrongful foreclosure is an affirmative defense in an unlawful detainer action; thus, it necessarily follows that if Plaintiffs' current claims relating to the foreclosure of the Property had any merit, it should have been handled in the General Sessions Court. However, Plaintiffs did not raise these claims in the detailer action and did not appeal the detainer action. Plaintiffs cannot now seek to maintain an independent action challenging the foreclosure in a different forum.

In *Davis v. Williams*, 2011 Tenn. App. LEXIS 35 (Tenn. Ct. App. June 31, 2011), the Tennessee Court of Appeals expressly held as much: when a lender's right of possession stems from the acquisition of property at a foreclosure sale, then entry of final judgment in an unlawful detainer action bars a later, separate claim over the validity of the foreclosure. The court reasoned that because there was "absolutely no doubt that wrongful foreclosure can be raised as

an affirmative defense to an unlawful detainer action," the failure to raise the affirmative defense in response to an unlawful detainer action, and entry of judgment in the detainer action, means that issues related to the validity of the foreclosure sale are "conclusively determined not to exist." 2011 Tenn. App. LEXIS 35, *9-10. Thus, when the right to possession depends upon the validity of the foreclosure sale, then the borrower must raise the defense in response to the unlawful detainer action. He or she may not assert it later as a stand-alone affirmative claim. *See also Lawlor v. Suntrust Mortg., Inc.*, 2013 U.S. Dist. LEXIS 116584, at *10-16 (M.D. Tenn. Aug. 15, 2013); *Boyce v. LPP Mortg., Ltd.,* 2013 Tenn. App. LEXIS 748, at *10-26 (Tenn. Ct. App. Nov. 20, 2013); *Foster v. Fannie Mae,* 2013 Tenn. App. LEXIS 492, *6-13 (Tenn. Ct. App. July 31, 2013).

The situation presented here is precisely that in *Davis*. Final judgment was entered in the detainer action. That judgment conclusively establishes that the lawfulness of the foreclosure. That judgment bars Plaintiffs' collateral effort to challenge the foreclosure in this action. *See Lawlor,* 2013 U.S. Dist. LEXIS 116584, at *16 ("[T]he Court concludes that res judicata bars Plaintiffs' claims for breach of contract, intentional misrepresentation, negligent misrepresentation, and failure to give adequate notice because the unlawfulness of the foreclosure sale is the basis for these claims."). Accordingly Plaintiffs' claims should be dismissed.

### III.     Plaintiff's Complaint is a "shotgun style" pleading warranting outright dismissal.

Plaintiffs' Complaint is comprised almost exclusively of irrelevant factual allegations and legal conclusions that do not identify any activity to form a basis for Plaintiffs' claims. As a result, it is an impermissible shotgun pleading that should be dismissed.

6
Case 1:14-cv-00181-CLC-WBC   Document 16   Filed 07/16/14   Page 6 of 16   PageID #: 243

"[S]hotgun complaints" are those in which "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). The defining characteristic of a shotgun complaint is that it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 Fed. App. 368, 371 (11th Cir. 2005); *See also Strategic Income Fund v. Spear, Leeds & Kellogg*, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) (describing a shotgun complaint as one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts…contain irrelevant factual allegations and legal conclusions").

Plaintiffs' Complaint consists of 103 paragraphs of narrative without any organization or outline and only limited identification of specific causes of action. *See generally* Compl. As a result, moving Defendants are forced to sift through rambling allegations to determine those that might relate in some way to a claim for relief.

Moreover, any substantive allegations that the Complaint contains are entirely conclusory. For example, Plaintiffs attempt to assert a claim of "Fraud and Robo-Signing" but neglect to provide sufficient factual support or any legal support for their bald allegations. (Compl., ¶¶ 39-61.) These vague generalizations and citations to irrelevant law review articles are meaningless without specific factual and legal support. In sum, Plaintiffs fail to "identify claims with sufficient clarity to enable the Defendant[s] to frame a responsive pleading." *See Beckwith*, 146 Fed. App. at 371. Thus, Plaintiffs' Complaint should be dismissed with prejudice on this basis alone.

**IV.     The Complaint fails to state a claim pursuant to Rule 12(b)(6).**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in Plaintiffs' Complaint must be accepted as true and construed in the light most favorable to Plaintiffs. *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). But, "[t]he standard of review 'requires more than the bare assertion of legal conclusions.' *See Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). And, this Court 'need not accept as true legal conclusions or unwarranted factual inferences.' *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U, S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC*, 500 F.3d at 527.

The basic pleading requirements are not abrogated simply because a plaintiff is proceeding pro se. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). A court is "not required to accept non-specific factual allegations and inferences or unwarranted legal

conclusions." *Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003), nor are courts required to "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or identify claims not alleged in the complaint. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

Each of Plaintiffs' claims in their Complaint should be dismissed, as Plaintiffs fail to meet even the minimum pleading requirements.[4]

### A. Plaintiffs fail to state a claim for quiet title.

Plaintiffs appear to assert that, because Defendants allegedly hold no lawful interest in the Property as the mortgage is "invalid and unenforceable," Defendants have allegedly clouded Plaintiffs' title to the Property. (Compl. ¶ 7, 8.) However, Plaintiffs have not asserted that the mortgage was paid in full and released, and therefore they have no basis to quiet title.

The "only object and purpose of a suit in equity to remove a cloud on the title to property is to have any adverse title that may be asserted under such cloud passed on and adjudged void, so that the plaintiff in possession may forever afterwards be free from any danger of the hostile claim." *A.L. Kornman Co. v. Moulton*, 360 S.W.2d 30, 32 (Tenn. 1962) (internal citations omitted). Moreover, where a security interest exists, a borrower cannot claim that he has superior title to the lender. *Cf. Minton v. Long*, 19 S.W.3d 231, 234, 240 (Tenn. Ct. App. 1999) (holding that a properly recorded deed of trust would be superior to an after-recorded easement in a quiet title action).

"To succeed on a claim for quiet title, 'the complainant must show that he himself has the title, or else he has no right to have a cloud removed form that to which he has no title to himself." *Dauenhauer v. Bank of New York Mellon*, 2014 Fed. Appx. 0275N, at *18 (6th Cir.

---

[4] Defendants will continue to refer to "Plaintiffs" collectively throughout Section II, despite the fact that the Smith Defendants should be dismissed without any consideration as to the pleading of the claims as argued in Section I.

Apr. 15, 2014) (*citing Hoyal v. Bryson*, 53 Tenn. 139, 141 (Tenn. 1871)). In *Dauenhauer*, because the borrowers did not allege that they had paid their debt in full, they did not "allege sufficient facts to show they have legal title," and thus the borrower's quiet title action was dismissed. *Id*. Here, Plaintiffs – both the Smiths, individually or collectively, and Harvey – fail to show that they have proper legal or equitable title in the Property. *See generally* Compl. For these reasons, their claim to quiet title should be dismissed.

### B. Plaintiffs fail to state a claim for "lack of standing."

As plead, Defendants agree with Plaintiffs' second claim – that "Plaintiff lacks standing to bring this action." For all other reasons stated in this motion, Plaintiffs, individually and collectively, lack standing to bring this suit warranting dismissal in full.[5]

### C. Plaintiffs fail to state a claim for fraud.

Plaintiffs' attempted claim for "Fraud and Robo-Signing" is deficient under Rule 9(b) of the Federal Rules of Civil Procedure and should be dismissed. The heightened pleading requirement set forth in Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). In the Sixth Circuit, Rule 9(b) is interpreted "as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Id.* at 563 (citing *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)).

In order to state a claim for fraud under Tennessee law, a plaintiff must allege facts supporting the following essential elements:

> 1) the defendant made a representation of an existing or past fact;

---

[5] The cases cited by Plaintiffs in Count II of the Complaint are all from judicial foreclosure jurisdictions, like Florida. Tennessee is a non-judicial foreclosure state and thus the cases cited and claims advanced are inapplicable.

      2) the representation was false when made;

      3) the representation was in regard to a material fact;

      4) the false representation was made either knowingly or without belief in its truth or recklessly;

      5) plaintiff reasonably relied on the misrepresented material fact; and

      6) plaintiff suffered damage as a result of the misrepresentation.

*Metro. Gov't of Nashville & Davidson County v. McKinney*, 852 S.W.2d 233, 237 (Tenn. Ct. App. 1992). *See First Nat'l Bank v. Brooks Farms*, 821 S.W.2d 925, 927 (Tenn. 1991); *Lopez v. Taylor*, 195 S.W.3d 627, 634 (Tenn. Ct. App. 2005).

      In their complaint, Plaintiffs do not plead with any specificity what representations Defendants or their representatives made that were false, or when those representations occurred. *See Birmingham-Jefferson County Transit Authority v. Boatright*, No. 3:09-0304, 2009 U.S. Dist. LEXIS 74021 at *3 (M.D. Tenn. Aug. 20, 2009) (dismissing fraud claim because plaintiff did not provide specifics regarding the misrepresentation, nor the date, time or circumstance of the misrepresentation); *Hagen v. U-Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 995 (W.D. Tenn. 2009) ("[A] district court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions.") (internal citation omitted). On the whole, Plaintiffs' factual allegations regarding the fraud-based claims are nothing more than a "naked assertions devoid of further factual enhancement," much less the level of specificity required for a claim of fraud. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

      Moreover, Plaintiffs fail to allege that they suffered any ascertainable injury caused by any alleged fraud on the part of Defendants. *Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992) (plaintiff must plead injury from the fraud). While Plaintiffs claim a general entitlement to damages, they do not explain how their alleged injury is related to any purported

misrepresentation by any defendant. *See* Fed. R. Civ. P. 8(b). *Iqbal* requires a plaintiff to do more—it must plead facts to support its claim to damages. *Iqbal*, 556 U.S. at 679 ("[P]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth."). Even taking all allegations as true, Plaintiffs fail to state either a claim for fraud or fraudulent inducement with the requisite specificity of Rule 9 or to state damages causally related to any fraudulent conduct by Defendants. For these reasons, Plaintiffs' fraud-based claims should be dismissed as a matter of law.

**D.     Plaintiffs fail to state any claim related to the "transferring of the note."**

For their final claim, it appears Plaintiffs may be trying to allege that there is some issue with either the loan being transferred, or the transferring or assigning of loans in general. (Compl., ¶¶ 62-103.) To the extent this is an argument against assignment of notes, the Uniform Commercial Code and Tennessee law both allow such assignment. To the extent this an argument against the securitization of mortgages, this argument has been roundly rejected by the courts. In any event, no matter how plead, this claim fails and should be dismissed.

It is well-settled that a promissory note is a negotiable instrument under Tennessee law, unless it contains a statement which indicates that it is non-negotiable. Tenn. Code Ann. § 47-3-104. Here Plaintiffs do not allege that the underlying Note is a non-negotiable instrument and no statement of non-negotiability appears in the Note. (*See generally* Compl.) Therefore, as a negotiable instrument, the Note may be sold, assigned, or transferred to another party. Tenn. Code Ann. §§ 47-3-201, 47-3-203. When a negotiable instrument is transferred, the transferee receives the right to enforce the instrument, including the right to collect payments owed pursuant to the instrument. *See* Tenn. Code Ann. §§ 47-3-203, 47-3-301, 47-3-302. To that end, the borrowers in this case are still obligated to pay their debts under the Note and whoever holds

12
Case 1:14-cv-00181-CLC-WBC   Document 16   Filed 07/16/14   Page 12 of 16   PageID #: 249

the Note, or has a right to enforce the Note for the holder, clearly has authority to collect payments on it. Any other result would lead to the absurd situation that, anytime a Note was securitized, the borrower would not owe any money on it despite not having made payment in full.

It is further well-settled under Tennessee law that the transfer of a promissory note automatically carries with it the lien created by the deed of trust or other security instrument securing it. *See, e.g., Frame v. Tabler*, 52 S.W. 1014, 1017 (Tenn. Ct. App. 1898) (holding that in Tennessee, when notes secured by a mortgage are assigned, the mortgage passes along with the note and can be enforced by the assignee); *Clark v. Jones*, 27 S.W. 1009, 1010 (Tenn. 1894) ("the transfer of the note, without more, carried with it the lien created by the deed of trust"); *Thompson v. Pyland*, 40 Tenn. 537, 539 (Tenn. 1859) (a mortgage accompanies the assignment of the note); *McAllester v. Jackson*, 5 B.R. 164, 166 (Bankr. M.D. Tenn. 1980) ("Tennessee courts have recognized the general rule that the assignment of a secured note carries with it the assignment of the security for its payment."); *see also Samples.*, 2012 U.S. Dist. LEXIS 52849, at *12 (holding that "plaintiffs' argument that the deed of trust is defective because it was split or severed from the note is without merit."). Accordingly, whoever held the Note also held the DOT as a matter of law and therefore has the right to enforce it through foreclosure. To the extent such a claim exists in this Complaint, it fails as a matter of law and should be dismissed.

Moreover, to the extent Plaintiffs may be attempting to argue that there is an issue related to securitization of the Note at issue (*see e.g.,* Compl. ¶ 64), such claims have roundly been rejected. Many courts have observed that the mere fact that a mortgage loan was securitized does not render the promissory note or deed of trust unenforceable. *See Samples v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 52849, at *10-12 (E.D. Tenn. Apr. 16, 2012) (holding that plaintiff

failed to state a claim upon which relief can be granted by alleging wrongdoing related to securitization); *GMAC Morg., LLC v. McKeever*, 2010 U.S. Dist. LEXIS 91118, at *19 (E.D. Ky. Aug. 31, 2010) (stating that while plaintiff "implies that the alleged securitization of the note was illegal, she invokes clearly no statute in support of this allegation. Such conclusory statements cannot sustain these causes of action"); *Ramirez-Alvarez v. Aurora Loan Services, LLC*, 2010 U.S. Dist. LEXIS 116995, at *11-12 (E.D. Va. July 21, 2010) (holding that the right to enforce an instrument is not lost due to securitization of a loan); *see also Searcy v. EMC Mortg. Corp.*, 2010 U.S. Dist. LEXIS 119975, at *2 (N.D. Ga. Sept. 30, 2010) ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure."); *Lefont v. SunTrust Mortg., Inc.*, 2011 U.S. Dist. LEXIS 15772, at *1-2 (N.D. Ga. Jan. 27, 2011) (dismissing complaint based on pooling of securities allegation). As a matter of law, the courts addressing this claim have uniformly found that the securitization of a note does not render it "unenforceable." *See, e.g., Ramirez-Alvarez*, 2010 U.S. Dist. LEXIS 116995, at *11-12. Thus, any claims based upon the allegation that Plaintiffs no longer owe a debt due to the securitization of their loan must be dismissed as contrary to established law.

## V.     Defendants join in the arguments of co-defendants.

In further support for dismissal of the Complaint, Defendants join in and rely upon the arguments of co-defendants Rubin Lublin, MERS and Bank of America, N.A. (Doc. Nos. 4, 5, 6 and 7), as if set forth in full herein.

## CONCLUSION

As explained in detail above, Plaintiffs claims against Defendants should be dismissed, with prejudice, as Plaintiffs fail to state any claim for relief in their Complaint. Each of the claims made by Plaintiffs is fatally flawed and each is therefore subject to dismissal under Rule 12(b)(6). Additionally, Plaintiffs Michael Smith and Erika Smith should be dismissed from this suit as Plaintiff Harvey lacks authority or ability to pursue any claims on their behalf. Accordingly, Plaintiffs' Complaint against Defendants should be dismissed in full.

Respectfully submitted,

*/s/ Lauren Paxton Roberts*
John R. Wingo, BPR No. 16955
Lauren Paxton Roberts, BPR No. 25049
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219-2490
Telephone: (615) 782-2263

*Counsel for Defendants, M&T Bank and Lakeview Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July 2014, a copy of the foregoing was filed via the Court's CM/ECF system and served electronically or via First Class U.S. Mail upon:

Reginald Charles Harvey
P.O. Box 25371
Chattanooga, TN 37422
*Pro Se Plaintiff*

Frankie Spero
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
*Counsel for Bank of America and MERS*

Bret Jacob Chaness
Rubin Lublin TN, PLLC
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
*Counsel for Rubin Lublin TN, PLLC*

Michael A. Smith and Erika L. Smith
5504 Orlin Drive
Chattanooga, TN 37411
*Pro Se Plaintiffs*

/s/ Lauren Paxton Roberts

1059401:1:NASHVILLE